UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 1:11-cr-79-CLC-WBC |
| | ) 1:16-cv-53-CLC |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 74].[1] The Government filed a response [Doc. 77]. In addition to the foregoing, Petitioner has filed a motion to proceed in forma pauperis [Doc. 78].

For the reasons stated below, Petitioner's § 2255 motion [Doc. 74] will be **DENIED** and **DISMISSED WITH PREJUDICE.** Petitioner's motion to proceed in forma pauperis [Doc. 78] will be **DENIED AS MOOT**.

**I.     BACKGROUND**

On August 26, 2010, around midnight, Petitioner and two others attacked a man ("Victim 1") on his way home after work [Doc. 36 ¶ 4(a)]. When Victim 1 fell to the ground, the three men took his wallet and car keys while one of the men hit Victim 1 with a gun [*Id.*]. Victim 1 was then forced into the trunk of his own car where he remained for approximately eleven hours [*Id.*]. During that time, the three men broke into Victim 1's house, stole his things, and pawned them at a nearby shop [*Id.*]. Victim 1 was able to escape only after the three men abandoned the vehicle [*Id.*].

---

[1]     All citations to the record are found on the docket of Case No. 3:08-CR-107-1.

Two days later, on August 28, 2010, the three men assaulted another man (Victim 2) at gunpoint [*Id.* ¶ 4(c)]. Victim 2 was also forced into the trunk of his car [*Id.*]. However, Victim 2 was able to escape by popping the trunk and jumping from the moving vehicle [*Id.*]. The three men, still determined to enter Victim 2's home, headed to Victim 2's residence [*Id.*]. The men entered the wrong unit and subsequently beat and robbed the elderly couple inside [*Id.*].

On August 23, 2011, a federal grand jury for the Eastern District of Tennessee returned a two-count indictment charging Petitioner and a codefendant with carjacking, aided and abetted by one another and others, in violation of 18 U.S.C. §§ 2119 and 2 (Counts One and Three), and brandishing a firearm during a crime of violence, aided and abetted by one another and others, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts Two and Four) [Doc. 2]. On January 24, 2012, Petitioner pleaded guilty to Counts Two and Four of the indictment, pursuant to a written plea agreement [Doc. 36]. On May 24, 2012, the Court sentenced Petitioner to a term of 84 months on Count Two and 300 months on Count Four, to be served consecutively for a total term of 384 months [Doc. 53]. Petitioner did not file a direct appeal.

On February 25, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 74]. During pendency of the petition, Petitioner filed one motion to proceed in forma pauperis [Doc. 78]. The matter is ripe for review.

## II. TIMELINESS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

2

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, the timeliness of Petitioner's original motion hinges on its compliance with § 2255(f)(1). Petitioner's failure to file the petition until February 25, 2016—more than three years after expiration of subsection (f)(1)'s one-year window on June 7, 2013—leads the Court to conclude that the motion should be deemed untimely absent tolling of the limitations period.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

Review of the original petition [Doc. 74] leads the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). The record reveals that Petitioner made no attempts to challenge any aspect of his sentence following the final judgment until he filed the § 2255 petition over three years later. *See, e.g.*, *Stovall v. United States*, No. 1:12-cv-377, 2013 U.S. Dist. LEXIS 12937, at *9 (E.D.T.N. Jan. 31, 2013) (rejecting request for

3

equitable tolling where the petitioner failed to set forth any facts suggesting he had diligently pursued his rights). Petitioner did not even attempt to show extraordinary circumstances after the Government addressed the statute of limitations and the equitable tolling doctrine in its response. Accordingly, Petitioner's § 2255 motion is **TIME-BARRED**.

In any event, Petitioner's motion claims: (1) Petitioner never brandished or possessed a firearm (Ground One) [Doc. 74 p. 4]; (2) Petitioner had not yet reached mental maturity when he committed the offense (Ground Two) [*Id*. p. 5]; and (3) Petitioner believes 18 U.S.C § 924(c) is unjust and should only be applied to recidivists (Ground Three) [*Id*. p. 7]. However, Petitioner admitted to possessing and brandishing a gun in his plea agreement [Doc. 36] and Petitioner's beliefs regarding his mental maturity and the proper application of 18 U.S.C § 924(c) are not germane to Petitioner's request for post-conviction relief. Even if the Court were to consider his § 2255 motion, the Court would find it to be without merit.

### IV.  MOTION TO PROCEED IN FORMA PAUPERIS

In addition to the § 2255 motion addressed above, Petitioner has filed one motion to proceed in forma pauperis [Doc. 78]. In light of the Court's resolution of the § 2255 petition, Petitioner's remaining motion [Doc. 78] will be **DENIED as moot**.

### V.  CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 74] will be **DENIED** and **DISMISSED WITH PREJUDICE.** Petitioner's motion to proceed in forma pauperis [Doc. 78] will be **DENIED as moot**.

**An appropriate Order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**